[Civ. No. 5785. Second Appellate District, Division One.—October 6, 1927.]

PEASE, KOLBERG & CO., INC. (a Corporation), Appellant, v. GEORGE L. BATES, Respondent.

Head, Rutan & Scovel for Appellant.

L. F. Coburn for Respondent.

McLUCAS, J., *pro tem.*—Plaintiff brought suit for the sum of $1,305.68, balance due on an open account for goods, wares, and merchandise sold and delivered to the defendant. Defendant answered alleging payment in full and filed a counterclaim alleging that defendant had become indebted to plaintiff in the sum of $1,390.53 and no more; that defendant had paid to plaintiff on said account the sum of $384.85; that defendant performed work, labor, and services as secretary of said plaintiff of the reasonable value of $1,583.33; that plaintiff was indebted to defendant in the sum of $577.65 for the balance of a mutual, open, and current account. Judgment was rendered that plaintiff and defendant take nothing. From this judgment plaintiff appeals.

Defendant acted as secretary of plaintiff corporation for a period of about sixteen months. He purchased one share of stock in the corporation when he assumed office. The defendant testified the president of the plaintiff corporation assured him that it would be worth his while to act as secretary, that he would be given a discount on building material, but that no such discount was ever given. The by-laws of plaintiff corporation, with which defendant became familiar, provided that the salaries of all officers should be fixed and determined by the by-laws. No provision was made in the by-laws for any compensation for the office of secretary. Defendant testified that while acting as secretary of the corporation he attended directors' meetings, wrote the minutes, completed the minutes of former meetings, made thirty entries in the corporation stock-book, corrected twelve stock certificates, made a report to the state board of equalization and a capital stock tax return; that he negotiated the sale of a packing-house owned by plaintiff for the sum of $40,000, and negotiated for the exchange of another property worth $7,500, and for the purchase of a lot at $1,100. He further testified that the reasonable value of his services as secretary was $1,600. Witnesses testified that the reasonable value of the secretary's work was approximately $800 and that a reasonable commission on the real estate transactions aggregated $1,212.25. Defendant, however, did not claim that he was entitled to the regular commission for his services. The evidence is sufficient to support the finding of the court

that the reasonable value of defendant's services was the sum of $1,105.68, as determined by the trial court.

Appellant contends that the respondent is bound by his testimony that the only compensation he was to receive was in discounts on material purchased by him and extended credit, and he failed to prove what discounts he was entitled to, if any. We do not so interpret respondent's testimony that such considerations were to be his only compensation.

The following provisions appear in the by-laws of appellant corporation: "The compensation and terms of office of all officers of the corporation other than the directors shall be fixed and determined by the by-laws."

No by-law was ever adopted fixing the compensation of the defendant as secretary. Appellant contends that respondent is entitled to no compensation for his services unless fixed by appellant corporation's by-laws. We cannot agree with this contention. Respondent at the time of his employment was a stranger to the plaintiff corporation. He was neither a stockholder nor a director. It was thought necessary in order to qualify him for the office of secretary that he become a stockholder, and respondent bought one share of stock of the appellant corporation. The fact that respondent became a stockholder of appellant corporation can make no difference as to his right of compensation. (*Rosborough* v. *Shasta River Canal Co.*, 22 Cal. 557, 562.) Unless the services were performed under circumstances which showed an understanding that they were to be gratuitous, an implied obligation would arise out of his appointment to pay respondent what his services as secretary were reasonably worth. (*McCarthy* v. *Mount Tecarte Land & Water Co.*, 111 Cal. 328, 341 [43 Pac. 956]; *Bassett* v. *Fairchild*, 132 Cal. 637, 641 [52 L. R. A. 611, 64 Pac. 1028]; *Rosborough* v. *Shasta River Canal Co.*, *supra*.)

We believe the evidence sufficient to support the trial court in concluding that the circumstances of employment did not show an understanding that respondent's services were to be given gratuitously.

While it was error for the trial court to refuse to permit appellant corporation to prove that it was the custom and usage of appellant corporation that no compensation should be paid to the officers, yet such error was not prejudicial, in view of the fact that evidence was later intro-

duced that the president and vice-president of the corporation both received a salary.

There being no prejudicial error, it is ordered that the judgment be affirmed.

Houser, Acting P. J., and York, J., concurred.