[Civ. No. 5235. Second Appellate District, Division One.—October 4, 1928.]

H. SHAPIRO, Respondent, v. B. GREENBERG, Appellant.

Harry Haves and Clore Warne for Appellant.

Marcus C. Clark and Bearman & Engelhardt for Respondent.

YORK, J.—This is an appeal from a judgment rendered in favor of the plaintiff on the balance found to be due for and on account of goods, wares, and merchandise furnished the defendant.

The appeal is apparently based upon the contention that the goods were not sold as stated in the evidence of the plaintiff, the appellant contending that the goods were sold to a corporation and that the appellant was merely the agent of the corporation. The principal legal question raised by the appellant is that the promise of the appellant was merely a promise to pay the debt of another, and therefore that

same must be in writing. ▮ There is sufficient evidence to sustain the finding of the trial court that the goods were actually sold to the appellant himself, and not to the United Jobbing & Importing Company, in spite of the fact that the bill was rendered (on the request of defendant) to the said company. Respondent testified that, before the order was accepted or the goods delivered, he asked defendant the question, "Who are the United Jobbers?" and defendant said: "I am the United Jobbers." Defendant also, according to plaintiff's testimony, did say: "I will guarantee this account." But plaintiff further testified: "Mr. Greenberg told me that I was shipping this goods to him. I shipped goods to him." The goods were billed to the company, but this was at the request of defendant.

The substance of appellant's contention is that the evidence only establishes against him an oral promise of guaranty, and that this promise is nonenforceable because it was not in writing. But even under the controlling statute (Civ. Code, sec. 2794, subd. 2) the defendant should be regarded as the original obligor, because the promise was made "under circumstances such as to render the party making the promise the principal debtor."

▮ The ruling of the court on the question to plaintiff: "and you thought you were selling goods to him direct?" was correct for the reason stated by the court, to wit: "He can state what he believes. It couples up with the representation that he says was made to him."

There is a conflict in the evidence, but there was sufficient evidence for the trial court to make the findings that it did make. The findings made were sufficient to support the judgment and the judgment and findings are not in conflict with the complaint.

No other alleged errors have been called to our attention than those mentioned; therefore, the judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.