[Civ. No. 18507.   Second Dist., Div. Two.   Nov. 6, 1951.]

CRETA FUSCHI et al., Appellants, v. LEON J. VIR DEN, Individually and as Administrator, etc., et al., Respondents.

Earl E. Howard and Charles F. Howard for Appellants.

Allan L. Leonard for Respondents.

WILSON, J.—This is an action to impress and enforce an alleged resulting trust in real property. Findings and judgment were in favor of defendants, and plaintiffs have appealed from the judgment.

In May, 1946, plaintiffs and Louise Vir Den, now deceased, entered into negotiations with Mr. and Mrs. Matlin for the purchase of real property. They reached an agreement that the Matlin property would be purchased for $14,000 payable $8,000 in cash, the remaining $6,000 to be secured by mortgage or trust deed payable at the rate of $60 a month. Defendant Leon Vir Den was not present at the time. A cash payment of $200 was made to the Matlins to bind the transaction.

An escrow was opened wherein $3,500 was paid, the same having come from the bank account of Louise Vir Den, and the further sum of $4,365 from the bank account of defendant Leon Vir Den. A trust deed in the sum of $6,000 was executed by Leon.

Plaintiffs contend that the aforesaid sum of $200 was paid by them and that a trust resulted in their favor for that amount; that a trust resulted to the extent of $6,000 in their favor because they had orally agreed to pay the amount of the trust deed; that a trust resulted in the sum of $3,500 in favor of the estate of Louise Vir Den because that amount had been advanced from her bank account, to one half of which sum plaintiff Creta Fuschi, decedent's daughter, is entitled. The evidence is in conflict as to each of such contentions.

Plaintiffs testified that the deposit of $200 was made by plaintiff Antonio Fuschi while defendant Leon Vir Den testified that his mother paid the sum in question and he reimbursed her in that amount. The receipt from the Matlins for $200 was made in the name of Louise Vir Den. Since the evidence with reference to such amount is conflicting the finding thereon will not be disturbed.

As to the sum of $3,500 it was shown that the money was withdrawn from Louise Vir Den's bank account and placed in the account of Leon Vir Den. Plaintiffs assert that Mrs. Vir Den in effect deposited this sum in escrow while defendant testified that such amount was a gift to him from his mother. The finding as to this amount in favor of defendants will not be questioned since there is evidence to sustain it and other evidence only raises a conflict.

Plaintiffs maintain that a resulting trust was created in their favor to the extent to which they had become liable, by reason of their alleged oral promise, for payment of the sum of $6,000 secured by the trust deed. No evidence has been pointed to in the record that would indicate plaintiffs were legally obligated to pay any part of the sum secured by the trust deed which was executed by defendant Leon Vir Den. It was his obligation and not theirs. Plaintiffs contend that during the lifetime of Louise Vir Den they made some monthly payments to her and some to Leon and continued paying Leon after the death of Louise. They maintain that their monthly payments were to apply on the trust deed and defendant Leon Vir Den asserts that such payments were made as rent. There was evidence of a conversation between Leon and Louise Vir Den in which the occupancy of the

premises by plaintiffs was discussed and Leon expressed the opinion that $120 would be a reasonable rental and his mother persuaded him to accept $100 a month. Plaintiffs made one or two payments of $65 each and increased the payments to $130, later paying only $100 a month. In addition to the conversation between Leon and Louise Vir Den in which the former agreed to accept $100 a month as rent there is the testimony of Creta Fuschi concerning a conversation with Louise Vir Den in which Mrs. Fuschi stated plaintiffs could pay at least $100 a month regularly. There is also in evidence a check dated October 6, 1948, signed by Antonio Fuschi and payable to Leon Vir Den in the amount of $100, containing writing on the back which, had the check been cashed, would have constituted an acknowledgment that the sum was a payment on account of the encumbrance on the property in question. Leon Vir Den testified that he refused to accept the check with the writing on the back and that it was subsequently replaced with another check for the same amount but without the writing to which he objected. The evidence as a whole sustains the finding that the monthly payments made by plaintiffs constituted rent and not payments on the trust deed.

■ Plaintiffs assign as error the refusal of the court to admit evidence of a preliminary conversation among plaintiffs, Louise Vir Den and Mr. and Mrs. Matlin respecting the purchase of the property. Since Leon Vir Den was not present he would not be bound by the conversation. Plaintiffs did not make an offer of proof and furthermore both Mr. and Mrs. Matlin testified fully concerning the conversation and related what each person said. Since the evidence was before the court any error in the ruling complained of was cured.

■ Although the conversation between Leon and Louise Vir Den wherein the former agreed to accept $100 a month as rent occurred out of the presence of plaintiffs, the error if any in admitting evidence of the conversation was not prejudicial to plaintiffs since they paid the sum of $100 over a considerable period of time.

■ Finally, plaintiffs contend that the court erred in failing to adjudge that they were entitled to reimbursement for the value of improvements placed by them on the property. It is not unusual for a tenant to make repairs and improvements on property occupied by them and we are not pointed to evidence of any agreement whereby Leon Vir Den agreed to reimburse plaintiffs for any such expenditures. If there be such evidence it was the duty of plaintiffs to point it out.

It is not the province of a reviewing court to search the record in order to ascertain whether it contains evidence that will sustain a contention made by either party to the appeal.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied November 28, 1951, and appellants' petition for a hearing by the Supreme Court was denied January 3, 1952.