[Civ. No. 18758.  Second Dist., Div. Three.  Sept. 30, 1952.]

CHARLES TESSEYMAN, Appellant, v. JOHN W. FISHER et al., Respondents.

H. J. Kleefisch for Appellant.

Courtney L. Moore and A. V. Muller for Respondents.

VALLÉE, J.—This is a companion case to *Fisher* v. *Nash Building Co., Inc., ante,* p. 397 [248 P.2d 466]. Both opinions should be read together for a clear understanding of the facts. The pleadings in that action were made a part of the pleadings in the present action by reference.

Plaintiff appeals from a judgment which decrees that he take nothing; that in the event Nash Building Company, Inc., pays the judgment rendered against it in the Fisher case, the motel property and the furniture and fixtures shall be held by it as security for the sums paid by it, with power to sell in order to reimburse it for the money paid; but in the event Tesseyman pays the Nash Company the sums paid in satisfaction of the judgment in the Fisher case, the latter company shall execute a deed and bill of sale of the motel and its furniture and fixtures to Tesseyman.

The principal issue presented at the trial was whether, under the circumstances alleged by plaintiff, there was a verbal agreement to trade his hotel for the motel, or whether, as maintained by the defendants, there was an outright sale of the motel for a cash consideration, a portion of which was paid with monies derived from the sale of plaintiff's hotel and placed in escrow under instructions of March 23d and April 11, 1949.[1]

[1] See *Fisher* v. *Nash Building Co., Inc., ante,* p. 397 [248 P.2d 466].

The court found that the transaction was a sale and not a trade; title to the motel was to be taken in the name of Nash Company, and upon payment of the full purchase price it is to convey the motel to plaintiff; proceeds used in part payment of the purchase price of the motel were derived from the sale of plaintiff's hotel; these funds, together with a deed from Nash Company conveying the motel to Tesseyman, were deposited in escrow; Tesseyman had knowledge of each and all of the transactions; he agreed to pay the balance of the purchase price on or before August 15, 1949, and there is unpaid to the Fishers the sum of $37,001.17; the Fishers commenced action 17800[2] and recovered judgment against Nash Company for $37,001.17, which judgment decreed a lien against the motel property as security therefor, and ordered that all deeds and bills of sale on deposit with the escrow holder be retained by it to abide the further order of the court.

The court concluded that the Fishers are the owners of the motel "subject to an agreement to sell the same to the said plaintiff [Tesseyman] for the sum of $155,000, upon which purchase price there remains unpaid the sum of $37,001.17; and said Charles Tesseyman is entitled to have delivered to him, upon the payment of said sum of $37,001.17 to the said Fishers, a deed to said Motel Inn property and the furnishings and fixtures contained therein"; in the event Nash Company pays the judgment in action 17800 and receives a conveyance of the real property and a bill of sale of the furnishings, "judgment be entered to the effect that said Nash Building Company holds said Motel Inn property and said furniture and fixtures as security for the moneys so paid by the Nash Building Company to the said Fishers in satisfaction of said judgment"; upon payment by Tesseyman to Nash Company of the moneys expended in payment of the judgment, Nash Company shall forthwith convey the real and personal property to Tesseyman; in the event Tesseyman fails to pay the Nash Company within 20 days after notification thereof by Nash Company of its payment in satisfaction of the judgment, the real and personal property be sold at public auction, and out of the proceeds of said sale the sheriff shall pay Nash Company the amount paid to the Fishers, with interest, and the surplus, if any, to Tesseyman; if the proceeds are insufficient to pay the full amount due Nash Company, then the sheriff shall specify the amount, and the clerk shall docket a judgment for

---

[2]See *Fisher* v. *Nash Building Co., Inc., ante,* p. 397 [248 P.2d 466].

such balance against Tesseyman and the latter shall pay the same to Nash Company. Judgment followed accordingly.

■ Plaintiff contends the evidence is insufficient to support the finding that the transaction was a sale. Such contention requires plaintiff to demonstrate that there is no substantial evidence to support the challenged finding. (*Nichols* v. *Mitchell*, 32 Cal.2d 598, 600 [197 P.2d 550].) Plaintiff, however, recites only evidence favorable to him, and disposes of the evidence introduced by defendants by saying: ''A great mass of wholly irrelevant, incompetent and inadmissible testimony was introduced by the defendants, with the indulgence and approval of the Court below, over the objection of plaintiff's counsel, consisting of incongruous material of many artificial and discordant hues, crudely tailored to patch holes in the ragged cloak of the defendants' case, much of it hearsay, loose talk, speculative inferences. . . .'' ■ It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact. ■ It is not the province of a reviewing court to search the record in order to ascertain whether it contains evidence that will sustain a contention made by either party to the appeal. (*Fuschi* v. *Vir Den*, 107 Cal.App.2d 280, 283-284 [236 P.2d 829]; *Marson* v. *Rand*, 107 Cal.App.2d 466, 468 [237 P.2d 18].) ■ Where an appellant claims that some particular issue of fact is not sustained by the evidence, he is required to set forth in his brief all of the material evidence on the point and not merely his own evidence. If this is not done, the error assigned is deemed waived. (*Kruckow* v. *Lesser*, 111 Cal. App.2d 198, 200 [244 P.2d 19], and cases cited.)

Notwithstanding plaintiff's disregard of the rules, we have examined the record. It would serve no useful purpose to recite the many ramifications of the transactions involved. Suffice it to say that documentary evidence bearing plaintiff's signature and the oral testimony clearly and unequivocally support the court's findings. A letter of instructions, dated February 17, 1949, and signed by plaintiff, upon which he relied to establish that the transaction was a trade, was conclusively shown to have been superseded by other instructions of March 11, 1949; and escrow instructions thereafter signed and approved by plaintiff on March 23d and April 11, 1949, clearly establish that plaintiff was buying the motel through the Nash Company.

Plaintiff says defendants have not come into equity with clean hands, and that the court ''lent its aid to defendants in

order to assist them in profiting unjustly by mistake of law . . . on the part of plaintiff superinduced by their fraud and deceit.'' Again plaintiff falls into the same error—that of reciting only his own testimony, not pointing out the specific error, and dismissing any evidence to the contrary by saying: "We should expand this brief without profit by a detailed statement and analysis of the evidence presented by the defendants in connection with the matters testified to by the plaintiff as above indicated. It is enough to state here that it is a false quantity in this case, and does not tend relatively, logically or naturally to sustain the judgment or any finding upon which it may be predicated.'' Plaintiff testified he was unaware of the legal consequences of his act in signing the escrow instructions entered into by the parties after February 17, 1949, but other evidence establishes, and the court found, that plaintiff had knowledge of all transactions involving the "cashing out'' of his hotel and the sale to him of the motel, including all escrow instructions signed by him.

In view of the findings that the transaction was a sale to plaintiff, but in the name of Nash Company, and not a trade, that under the escrow instructions plaintiff owes the Fishers the sum of $37,001.17, that a judgment for that sum was obtained by the Fishers against Nash Company, in action No. 17800, and that, as between plaintiff and Nash Company, plaintiff was entitled to have the property conveyed to him upon the conditions set forth in the judgment—other contentions raised by plaintiff are without merit and need not be discussed. As we said in *Fisher* v. *Nash Building Co., Inc., ante,* p. 397 [248 P.2d 466], the judgments in the two cases are consistent and must be read together.

Affirmed.

Shinn, P. J., concurred.

Wood (Parker), J., did not participate.

A petition for a rehearing was denied October 21, 1952, and appellant's petition for a hearing by the Supreme Court was denied November 25, 1952.