Charles **TESSEYMAN**, Appellant,

v.

**John W. FISHER, Lurene W. Fisher and United States of America,**
Appellees.

No. 14413.

United States Court of Appeals
Ninth Circuit.

Dec. 8, 1955.

Samuel W. Gardiner, San Rafael, Cal., for appellant.

Courtney L. Moore, San Francisco, Cal., Laughlin E. Waters, U. S. Atty., Robert H. Wyshak, Assistant U. S. Atty., Los Angeles, Cal., for appellees.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

PER CURIAM.

The appeal in this case is taken from the order of the trial court denying a motion of appellant Tesseyman to intervene in a suit pending there.

The action in which intervention was sought was commenced June 4, 1953, in the Superior Court of the State of California for the County of San Luis Obispo. John W. Fisher and Lurene W. Fisher set up that they were the owners in fee simple of the property in litigation and that the United States claimed an interest therein adverse to the Fishers which constituted a cloud upon their title. They further pleaded that they had acquired title at judicial sale in an action in which Nash Building Company, Inc., was defendant and the Fishers were plaintiffs. Further, it was alleged a Sheriff's Deed had been delivered and that the time for redemption had expired. It was also alleged that a lis pendens had been recorded in that suit before the recordation of the claimed government lien. The cause was removed by the government to the United States District Court, where answer was filed claiming that the Fishers entered into an escrow for the sale of this property and authorized the

completion of the escrow and the delivery of title to the purchaser upon receipt of about $120,000.00. It was contended that Tesseyman acquired an interest in the property subsequent to the original purchase to which the lien of the United States for unpaid income taxes against Tesseyman attached.

This action by the Fishers to remove the cloud caused by the alleged government lien came on for trial March 1, 1954. Evidence was adduced and the government called Tesseyman as a witness.

On March 17, 1954, Tesseyman filed his petition therein for intervention on the ground he had an interest in the property. An affidavit controverting the petition set up that Tesseyman had been adjudicated to have no interest in the property by the Superior Court of the State of California, which judgment was affirmed by the District Court of Appeal, Tesseyman v. Fisher, 113 Cal.App.2d 404, 248 P.2d 471. The original action through which the Fishers claim title by purchase at judicial sale was disposed of in Fisher v. Nash Building Company, Inc., 113 Cal.App.2d 397, 248 P.2d 466. Tesseyman contended this judgment was obtained by fraud and collusion.

The District Court dismissed the petition for intervention.

Subsequently, the District Court determined the main case by deciding that the Fishers have judgment, that they were the owners of the property and that the government had no interest or lien thereon by virtue of its claim against Tesseyman. The United States appealed.

A motion has been filed to dismiss Tesseyman's appeal on the ground that the government on settlement has dismissed its appeal and there is now no jurisdiction since the Fishers and Tesseyman are all citizens of California. This motion is disregarded.

 The dismissal of the motion for intervention was within the discretion of the trial court. It was necessarily found on the merits that Tesseyman had no legal interest in the property to which the supposed lien of the government could attach. Any assertion that he had an interest involved collateral attack on a judgment by a state court. In any event, whether the intervention were of right, or permissive in character as we hold it was, the application must have been timely made.[1]

 Where an action had been pending from June 4, 1953, and trial was had March 1, 1954, at which petitioner was a witness, and the petition for intervention was not filed until March 17, 1954, the trial court properly exercised discretion in dismissing the petition.

Affirmed.

---

[1]. Rule 24, Federal Rules of Civil Procedure, 28 U.S.C.A., requires "timely application" for intervention either as of right or permissive. In Cameron vs. President and Fellows of Harvard College, 1 Cir., 157 F.2d 993, at page 996, it was said: " * * * it is evident that an application for permission to intervene must be timely whether it is asserted as a matter of legal right under paragraph (a) or requested as a matter of judicial discretion under paragraph (b)."