[Civ. No. 5849.    Fourth Dist.    June 18, 1959.]

BRATTON AND MORETTI (a Partnership) et al., Respondents, v. FINERMAN AND SON (a Partnership) et al., Defendants; HARRY FINERMAN, Appellant.

Ernest R. Utley and Robert B. Whitelaw for Appellant.

Russell Yeager for Respondents.

GRIFFIN, P. J.—In an amended complaint plaintiffs seek to recover from defendants Finerman and Son, a copartnership, et al, and from defendant and appellant Harry Finerman individually, $4,510.28 on an open book account for fertilizer sold and delivered to them. Defendants and appellant answered and denied generally the allegations of the complaint. Appellant admitted indebtedness in an approximate sum of $872.79. Therein they set up certain provisions of two written contracts between appellant, as shipper, and one M. C. Evans and Cecil Allen, growers, in which the latter two agreed with appellant that they would pay all charges incurred in connection with growing crops on the grower's property and that appellant shipper, who was to participate in the net profits, would assist in the financing of the undertaking. Appellant filed a cross-complaint setting up these two contracts and named plaintiffs, as well as Evans and Allen, as cross-defendants. They alleged Evans and Allen were solely liable for fertilizer used upon their lands. The prayer is that judgment be entered in favor of Bratton and Moretti et al., against Evans and Allen for said sums found due, and to hold that cross-complainant was not indebted to plaintiffs in any amount for the furnishing of said fertilizer to them.

Evans answered the cross-complaint, admitted the execution of the contract, but denied generally the other allegations. An

answer was filed by cross-defendant Allen. He likewise admitted signing the contract, alleged appellant had never rendered a true accounting under it, and appellant was indebted to him, and asked the court not to determine the obligations of this cross-defendant, if any, to pay any of the other parties to the action until such an accounting had been ordered.

The evidence, generally speaking, shows that plaintiffs' main business was the sale of anhydrous ammonia in Imperial Valley. In June, 1955, Moretti, a partner in plaintiffs' firm, had a conversation with appellant Finerman in which Finerman stated ''he had melons, some under contract and some he was growing himself'' and that he, Finerman, would like to give plaintiffs his fertilizer business; that about April, 1955, he and appellant made a tour of certain ranches appellant himself was farming, and pointed out other ranches where he had deals with the growers (including Allen and Evans, as well as one Singh) ; that he had a deal with Evans and Allen to take care of the bill for fertilizer used by them on their land; that he owed them money and he would guarantee plaintiffs would get their money and ''see that you get all of your money for the fertilizer''; that either he or these other persons would take care of the ordering of the fertilizer; that he gave plaintiffs the gate number of their premises; that thereafter he placed orders with plaintiffs for such fertilizer and, relying upon this agreement, it was delivered according to instructions and charged on plaintiffs' books directly and personally to appellant Finerman; that statements of said account were regularly mailed to appellant and he made a payment of $1,000 on it without any objection as to the items or method of billing until after this action was instituted. Invoices and ledger sheets of plaintiffs' books were received in evidence and verified this statement, and the accuracy of these accounts is not questioned.

Cross-defendants Allen and Evans each testified that they heard appellant Finerman promise to pay plaintiffs for fertilizing the crops grown on their respective farms and said deliveries of the fertilizer, as indicated by the invoices, were made.

At the conclusion of plaintiffs' evidence, counsel for Evans and Allen moved the court, under section 1048 of the Code of Civil Procedure, that the issues raised by the cross-complaint be separated and severed from the issues raised by the amended complaint and the answer thereto, and that they be tried

separately. The motion was granted and those issues are now pending before the trial court. This ruling is the main subject of this appeal which we will hereafter discuss.

Thereafter, appellant testified he had not ordered fertilizer for either Allen or Evans and had not authorized anyone to place orders for fertilizer. He admitted a conversation with plaintiff Bratton, in which he told Bratton he owed about $1,800 for fertilizer furnished his ranch and he then gave him $1,000 on account ($570.85 to apply on fertilizer furnished to the Singh ranch, which account he said he guaranteed to pay); that he told Bratton he would have to wait for the balance and Bratton agreed to do this. He said he had not authorized his bookkeeper to place any orders for fertilizer and did not receive the invoices indicated at the time but saw them about June, 1955. Appellant's bookkeeper was called and she said copies of invoices and statements were not received until June, 1955, and she never placed any orders for fertilizer.

The court found that between June 1, 1955, and June 21, 1955, appellant became indebted to plaintiffs for fertilizer sold and delivered to him by plaintiffs at his special instance and request in the sum of $4,331.80, and since the institution of this action he paid $1,000 on said account, leaving a balance due in the sum of $3,331.80. Judgment was entered accordingly. On a motion for a new trial under section 662 of the Code of Civil Procedure the court ordered an additional finding that the defendant partnership and the other individually named defendants, excluding appellant Finerman, were not indebted to plaintiffs, and dismissed the action as to them. The judgment was modified accordingly in their favor. This appeal is by appellant Finerman, individually, from the original judgment and the judgment as amended.

Appellant first argues that the trial court erred in granting the motion for severance and separation of the issues presented by the cross-complaint and refusing to receive in evidence the written contracts aforementioned and pleaded between appellant and the two growers, Allen and Evans. One argument is that by these agreements a joint venture was shown and accordingly Allen and Evans were jointly liable for their indebtedness and the court should have allowed such evidence to be admitted and should have made a determination of that issue. The trial court was justified in finding that the fertilizer delivered by the plaintiffs was sold and delivered upon the individual credit of the defendant Finerman and not on the credit of a partnership or joint venture. (*Shapiro* v.

*Greenberg,* 94 Cal.App. 241 [270 P. 1008].) ■ Even a joint venturer or partner may contract on his own account and may make himself individually liable if the seller chooses to accept such individual liability and in reliance thereon delivers goods. *(Brown* v. *Fresno Raisin Co.,* 101 Cal. 222 [35 P. 639].) The evidence fully supports the finding made and the findings support the judgment entered.

■ Section 1048 of the Code of Civil Procedure authorizes a separation of the issues whenever it can be done without prejudice to a substantial right. Here, it appears that plaintiffs were not fully informed of the nature of the agreements between appellant and Allen and Evans and were not interested in nor relying upon any contract between them for a recovery in their complaint. The issues, as presented by the cross-complaint, were purely personal between appellant and those cross-defendants, and their respective rights thereunder would require an accounting between them. Plaintiffs should not be saddled with this added burden and cost of trial. They would not be benefited by the result. Those proceedings are still pending. It does not appear that the separation of issues ordered prejudiced the substantial rights of the parties.

■ The argument that plaintiffs were required to bring this action against Finerman, Allen and Evans, under Civil Code, section 1559, as claimed third party beneficiaries, is untenable. *(More* v. *Hutchinson,* 187 Cal. 623 [203 P. 97].) For all that appears, plaintiffs had no knowledge of the terms of the contracts or that they may have been third party beneficiaries thereunder or that they accepted their terms. The election of remedies was reserved to plaintiffs. Furthermore, it does not affirmatively appear from the contracts that there was any intent of the contracting parties that such agreement was to inure to plaintiffs' benefit. *(Shutes* v. *Cheney,* 123 Cal.App. 2d 256, 262 [266 P.2d 902] ; *Bogart* v. *George Porter Co.,* 193 Cal. 197 [223 P. 959, 31 A.L.R. 1045].)

■ Appellant claims his cross-complaint was in effect an action for declaratory relief and this summary disposition of those issues was erroneous, citing *Kessloff* v. *Pearson,* 37 Cal. 2d 609 [233 P.2d 899]. It is further argued that the filing of a cross-complaint was authorized under section 442 of the Code of Civil Procedure and should have been considered, citing *Atherley* v. *MacDonald, Young & Nelson, Inc.,* 135 Cal. App.2d 383 [287 P.2d 529]. Considering the cross-complaint and answers thereto, an accounting and a judgment on the merits was sought between appellant and Evans and Allen.

This would in no way affect the rights of these plaintiffs. Appellant's rights and liabilities under the agreement are yet to be determined. No dismissal of the cross-complaint was effected, as argued by the appellant. No prejudice has resulted to him or to those cross-defendants. No abuse of discretion in ordering a separation of the issues appears. (*McArthur* v. *Shaffer,* 59 Cal.App.2d 724 [139 P.2d 959]; *Fisher* v. *Nash Building Co.,* 113 Cal.App.2d 397 [248 P.2d 466].)

Next, it is claimed that the evidence only showed appellant agreed to an oral *guaranty* of payment of these accounts which was not enforceable under the statute of frauds. Such defense was not raised by the pleadings nor at the trial but was raised for the first time on appeal. We are not compelled to determine this point. (*Livermore* v. *Stine,* 43 Cal. 274.)

However, the finding of the trial court, supported by the evidence, was that the fertilizer was ordered by, sold to, and delivered to appellant according to instructions. This could not be interpreted as an oral agreement to pay the debt of another. (*Shapiro* v. *Greenberg,* 94 Cal.App. 241 [270 P. 1008]; *Coulter Dry Goods Co.* v. *Wentworth,* 171 Cal. 500 [153 P. 939].)

The final contention is that the book entries and ledgers received in evidence were inadmissible because of lack of showing of proper foundation. We have examined the voluminous record in this respect. The testimony of the bookkeeper and the method of accounting were adequate to allow them in evidence. The trial court fully considered them and properly rendered judgment based upon them. (*Wright* v. *Loaiza,* 177 Cal. 605 [171 P. 311]; Code Civ. Proc., § 1953f.)

Judgment affirmed.

Mussell, J., and Shepard, J., concurred.