[Civ. No. 24197. Second Dist., Div. Three. Aug. 29, 1960.]

KARL E. ZINT et al., Appellants, v. TOPP INDUSTRIES, INC. (a Corporation), Respondent.

*Assigned by Chairman of Judicial Council.

Spar & Smith and A. Albert Spar for Appellants.

Tremaine & Shenk for Respondent.

VALLÉE, J.—Appeal by plaintiffs from a judgment in their favor for the reasonable value of services performed. The complaint is in two counts: one, on an express contract to pay $88,011.05; the other, for the reasonable value of services performed. The court found there was not an express contract. This finding is not challenged. Plaintiffs were awarded $3,000. They claim their services were worth more than that amount.

Haller, Raymond and Brown, a corporation, called Haller, operated a research and development business at State College, Pennsylvania. The personnel of Haller included trained scientists and technicians engaged principally in experiments in electronics and in research and development on projects for the United States Government. Higdon and McLucas were officers of Haller.

In 1950 plaintiffs became acquainted with McLucas, and in 1951 with Haller's operations. In October, 1955, Higdon informed plaintiff Petrie that Haller had been approached by a company which might be interested in purchasing Haller, and that Haller was interested in selling or in some other arrangement. Plaintiffs looked about to find an organization which could make use of Haller's personnel and facilities on a buy or merger basis.

In early December, 1955, plaintiffs met Mr. Bernard Gira, president of defendant, and discussed with him the prospect of defendant's acquiring Haller. Without reference to the record, plaintiffs say that at this meeting: "Discussion was had among those present concerning the remuneration of plaintiffs and their participation in any new or merged organization that might come about from the purchase of or merger with Haller, Raymond and Brown. Among other methods of remuneration discussed were that plaintiffs would be employed in high level management positions and might be granted favorable stock options and representation on the Board of Directors." Again without reference to the record, plaintiffs say that at a meeting in the middle of December 1955 "general discussions were again had that plaintiffs would participate in any such merger or consolidation, and, Mr. Gira stated that plaintiffs would be taken care of." Petrie introduced Mr. Gira to officials of Haller. Thereafter negotiations were had between Mr. Gira and officials of Haller which resulted in defendant's acquiring Haller for $1,282,861. Again without reference to the record, plaintiffs say: "No employment or participation, remuneration, stock bonuses, or any form of compensation was ever offered to either of the plaintiffs

by the defendant Topp Industries and no compensation in any form whatsoever has been paid to them although demand was made therefor.''

The court found: plaintiffs arranged an introduction and meeting between Mr. Gira and Mr. Higdon, a principal officer of Haller, at the request of defendant, and defendant negotiated with and acquired Haller; plaintiffs' services ''constituted'' introducing defendant to officials of Haller and bringing the parties together for the purpose of attempting to effect a merger, consolidation, or sale of the assets of Haller to defendant. The court concluded: ''That plaintiffs are entitled to a reasonable compensation for their time expended at the instance and request of the defendant, Topp Industries, Inc., the reasonable value of which such time expended is in the amount of $3,000.00.''

█ Plaintiffs' only contention is that the court erred in measuring the amount awarded solely on a ''time expended'' basis. The count on which judgment was rendered for plaintiffs is in assumpsit on a contract implied in fact for services rendered—*quantum meruit*. (5 Cal.Jur.2d 527, §§ 3, 4; 1 Witkin, Summary of California Law, 7th ed., 14.) Plaintiffs' contention requires them to demonstrate that the uncontradicted evidence compels a conclusion the reasonable value of their services is more than $3,000. This they have not done. Plaintiffs have not set forth in their brief all of the material evidence on the point. █ ''It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact. █ It is not the province of a reviewing court to search the record in order to ascertain whether it contains evidence that will sustain a contention made by either party to the appeal. (*Fuschi* v. *Vir Den*, 107 Cal.App.2d 280, 283-284 [236 P.2d 829]; *Marson* v. *Rand*, 107 Cal.App.2d 466, 468 [237 P.2d 18].) █ Where an appellant claims that some particular issue of fact is not sustained by the evidence, he is required to set forth in his brief all of the material evidence on the point and not merely his own evidence. If this is not done, the error assigned is deemed waived.'' (*Tesseyman* v. *Fisher*, 113 Cal. App.2d 404, 407 [248 P.2d 471]; *Gold* v. *Maxwell*, 176 Cal. App.2d 213, 217 [1 Cal.Rptr. 226].) █ The only evidence mentioned by plaintiffs bearing on the point is their statement that Mr. Gira testified ''he had stated if employment or participation would not work out, that the plaintiffs would be 'taken care of' '' and testimony that Mr. Gira had stated plaintiffs ''were not entitled to the percentage that is

usually applicable when professional brokers bring two companies together as a part of their routine business.''

We must assume the language and conduct of the parties were such that the court could infer it was understood between them that plaintiffs would be paid for the time they expended in furtherance of the project.[1] ''When a contract does not determine the amount of the consideration, nor the method by which it is to be ascertained, or when it leaves the amount thereof to the discretion of an interested party, the consideration must be so much money as the object of the contract is reasonably worth.'' (Civ. Code, § 1611.) In such a case it is the function of the trier of fact to ascertain and declare the reasonable value of the services. (54 Cal.Jur.2d 737, § 54.) Its conclusion will not be disturbed on review for inadequacy except for a clear abuse of discretion. (*Collier* v. *Landram,* 67 Cal.App.2d 752, 759 [155 P.2d 652].) We cannot say, on the record before us, that the award is inadequate.

Affirmed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied September 16, 1960.

---

[1] In his opinion, the trial judge said: ''Now, these men of course didn't put in all their time every day that they worked on this. They attended meetings and put in an hour or two, ran to the meetings and discussed and planned, and one of them made a trip back to, I think it was Washington, or wherever it was—no—State College, Pennsylvania, and it looks to me like a total amount of time spent by these men, giving them full credit for everything and realizing that they only did it piecemeal an hour or two at a time on occasion, was about 10 days' time that they put in.

''The question is, what is the value of their services for that 10 days they put in? . . .

''Of course, these men were selling their time, their regular productive time, to an employer, Lockheed. I don't think, as far as I am concerned, that they were prevented from reaching out and making a dollar outside wherever they wanted to. There is nothing to show me that they were prevented from it, and as far as this case is concerned, I assume that they were perfectly within their rights going out and trying to bring about this consolidation or merger.

''But the question is, what is the 10 days of time worth? If I allow $300 a day for each of them I would allow $3,000, and in doing that I know I am stretching a point. I hope I am not influenced in the matter by the fact that somewhere along the line in the pleadings it said that $3,000 was the amount that the defendants were inclined to offer, but when a man does go away from home and runs around the country to meetings of this sort, you can't expect to compensate him just on the basis of what his monthly salary is, around $1250 a month. When men run to meetings and do things, I think it reasonable to assume that their time is worth more than just figured on the low basis of what their weekly or monthly regular compensation is.

''I am going to order judgment for the plaintiffs for $3,000 against Topp.''