[L. A. No. 85.    Department Two.—February 21, 1896.]

## D. O. McCARTHY, RESPONDENT, v. MOUNT TECARTE LAND AND WATER COMPANY, APPELLANT.

ACCOUNT STATED — NEW CONTRACT—BALANCE OF ACCOUNT — ITEM OF CREDIT — SUBSEQUENT AGREEMENT FOR RELEASE — FINDING AGAINST EVIDENCE.—A contract created by an account stated is a new and independent contract, as much so as if a note had been given for the balance of the account; and where an account stated upon a particular date is declared upon for a sum equal to the amount of wages, exclusive of any credit, but an item of credit in fact appears in the account stated on that date, for the purchase price of certain shares of stock, in a specified sum, a finding of an account stated on that date for the amount of the charges only, omitting the credit and the balance of the account, is against the evidence, notwithstanding there is evidence that at a subsequent time there was an agreement to release the credit, and to permit the account to be presented for further examination and allowance.

ID.—OPENING OF ACCOUNT STATED—CAUSE OF ACTION—SUPPORT OF JUDGMENT.—If an account stated at a certain date, which is sued upon, was afterward opened up, it cannot stand as a cause of action; nor can a judgment for the aggregate amount of the items of charges be sustained upon a stated account which shows a credit and a balance of a smaller sum.

CORPORATIONS—SERVICES OF STOCKHOLDER AND DIRECTOR AS SUPERINTENDENT AND MANAGER—IMPLIED CONTRACT FOR COMPENSATION.—A stockholder and director of a corporation is not entitled to compensation for services rendered by him as superintendent and general manager, unless there is a contract, express or implied, for such compensation; and when the recovery of compensation depends upon an implied contract, arising

out of and inferable from the situation and relation of the parties, evi-
dence is admissible to prove any fact which would throw light upon that
relation, or tend to show the intention of the parties; and it is error
to refuse to allow evidence to what extent the plaintiff was a stock-
holder of the corporation, and that it was a usage of the corporation that
no compensation should be paid to the directors or other officers, and
that it was so agreed upon between the original corporators.

ID.—USAGE AS TO COMPENSATION—MATTER OF FACT—CONCLUSION OF WIT-
NESS—IMPORTANCE OF TESTIMONY—FINANCIAL CONDITION OF CORPORA-
TION.—Whether there is a usage of a corporation not to pay compensation
to its officers is matter of fact, competent and relevant to be testified to
upon an issue as to whether there was an implied understanding for
compensation to a stockholder and director acting as superintendent
and general manager; and such testimony is not objectionable as being
the conclusion of the witness, and it is specially important where it
appears that the corporation was in poor financial condition when the
services were rendered.

ID.— STATUTE OF LIMITATIONS — WRITTEN INSTRUMENT — RESOLUTION OF
DIRECTOR—IMPLIED CONTRACT FOR SERVICES.—Where there is no ex-
press written contract of a corporation to pay a compensation to one of
its stockholders and directors for services rendered as its superintendent
and general manager, the cause of action to recover for such services
cannot be based upon a mere resolution of the directors appointing to
those positions, as being a written instrument within the meaning of
the code, but can only be based upon an implied contract for reason-
able compensation for the services rendered; and such cause of action is
barred as to all services rendered more than two years before the com-
mencement of the action.

APPEAL from a judgment of the Superior Court of
San Diego County and from an order denying a new
trial.    W. L. PIERCE, Judge.

The facts are stated in the opinion of the court.

*James E. Wadham*, and *Frederick W. Stearns*, for Ap-
pellant.

In order to constitute an account stated, the defendant
must not only be shown to have admitted the debt, but
also, expressly or by inference, he must have acknowl-
edged that some certain amount of money was due from
him—that a balance was agreed upon between the par-
ties. (*Coffee* v. *Williams*, 103 Cal. 550; *Baird* v. *Crank*,
98 Cal. 293; *Green* v. *Thornton*, 96 Cal. 67; 1 Am. & Eng.
Ency. of Law, 110; *Volkening* v. *De Graaff*, 81 N. Y. 268;
*State* v. *Hartman Steel Co.*, 51 N. J. L. 446; *Terry* v.

*Sickles*, 13 Cal. 427; *Ware* v. *Manning*, 86 Ala. 238; *Auzerais* v. *Naglee*, 74 Cal. 60; *Bussey* v. *Grant*, 10 Humph. 238; *Teal* v. *Auty*, 4 Moore, 542.)   In an action on an account stated plaintiff must prove an account stated, and nothing else will support the action.   (*Auzerais* v. *Naglee*, *supra; Volkening* v. *De Graaff*, *supra; Loventhal* v. *Morris*, 103 Ala. 332; *Ware* v. *Manning*, *supra; Truman* v. *Owens*, 17 Or. 523.)   A director of a corporation is not, in the absence of an express agreement, entitled to compensation for his services.   (*Wickersham* v. *Crittenden*, 93 Cal. 17, and cases cited.)   Before a director can recover compensation for services rendered by him to his corporation upon an implied contract, it must appear by a clear preponderance of evidence that the services were clearly outside his ordinary duties as director, and that they were performed under circumstances sufficient to show that it was well understood by the proper corporate officers, as well as himself, that the services were to be paid for by the corporation. (*Brown* v. *Republican etc. Mines*, 17 Col. 421; *Fitzgerald etc. Co.* v. *Fitzgerald*, 137 U. S. 98; *Fraylor* v. *Sonora Min. Co.*, 17 Cal. 594; *Pew* v. *First Nat. Bank*, 130 Mass. 391, 395; *Kilpatrick* v. *Penrose etc. Bridge Co.*, 49 Pa. St. 118; 88 Am. Dec. 497; *Mather* v. *Eureka Mowing Co.*, 118 N. Y. 629; *Citizens' Nat. Bank* v. *Elliott*, 55 Iowa, 104; 39 Am. Rep. 167; *Martindale* v. *Wilson-Cass Co.*, 134 Pa. St. 348; 19 Am. St. Rep. 706; *Holder* v. *La Fayette etc. Ry. Co.*, 71 Ill. 106; 22 Am. Rep. 89; *Gridley* v. *La Fayette etc. Ry. Co.*, 71 Ill. 200; *Merrick* v. *Peru Coal Co.*, 61 Ill. 472; *Santa Clara etc. Assn.* v. *Meredith*, 49 Md. 389; 33 Am. Rep. 264; *Pfeiffer* v. *Lansberg Brake Co.*, 44 Mo. App. 59; *Ellis* v. *Ward*, 137 Ill. 509.)   When the power to fix the compensation of an officer is vested in the board of directors, and the directors never exercise that power or fix the compensation, that negatives the idea that any compensation was intended.   (*Crumlishe* v. *Central Imp. Co.*, 38 W. Va. 390; 45 Am. St. Rep. 872; *Mather* v. *Eureka Mowing Co.*, *supra; McAvity* v. *Lincoln Pulp etc. Co.*, 82 Me. 504; *Wood* v. *Lost Lake*

*etc. Co.*, 23 Or. 20; 37 Am. St. Rep. 651; *Holder* v. *La Fayette etc. Ry. Co.*, *supra; Kilpa'rick* v. *Penrose Bridge Co.*, *supra; Merrick* v. *Peru Coal Co.*, *supra.*)     The second cause of action herein is not an action "upon a contract, obligation, or liability founded upon an instrument in writing." (*Chipman* v. *Morrill*, 20 Cal. 130; *Lattin* v. *Gillette*, 95 Cal. 317; 29 Am. St. Rep. 115.) In an action on an implied *assumpsit* for work and labor, all the circumstances surrounding the parties, and their situation at the time the services were rendered, are important facts to be considered. (*Murdock* v. *Murdock*, 7 Cal. 511; *Barstow* v. *City R. R. Co.*, 42 Cal. 465.) Proof of the usage and custom of the corporation in regard to paying salaries is admissible in cases of this kind. (*Fraylor* v. *Sonora Min. Co.*, *supra; Barstow* v. *City R. R. Co.*, *supra; Burns* v. *Sennett*, 99 Cal. 363; *Park* v. *Piedmont etc. Life Ins. Co.*, 48 Ga. 601; 2 Smith's Leading Cases, 9th Am. ed., 879; *Steamboat Albatross* v. *Wayne*, 16 Ohio, 513; *Commercial Bank* v. *Union Bank*, 19 Barb. 392.)

*McDonald & McDonald*, and *Gibson & Titus*, for Respondent.

When the defendant examined plaintiff's account and agreed that the amount of his indebtedness to it should be set off against and compensated by a like sum of his said account, and that it would pay him the balance of his account, viz., $3,550.07, and caused said matters to be entered of record on the minutes of the proceedings of its board of directors, such action constituted an acknowledgment, in writing, that each and every item of plaintiff's account was correct and true, and a promise, in writing, by it to pay the ascertained balance of his account. (*Sannickson* v. *Brown*, 5 Cal. 57; *Ashley* v. *Vischer*, 24 Cal. 328, 329; 85 Am. Dec. 65, and authorities there cited; *Rosborough* v. *Shasta River Canal Co.*, 22 Cal. 557–63; *Auzerais* v. *Naglee*, 74 Cal. 61; *Paulsen* v. *Schultz*, 85 Cal. 538, 540, 541.) The fact that the plaintiff was a director and stockholder of the defendant during

the entire period that he acted as its superintendent and general manager in no way affected his right to compensation for his services as such superintendent and general manager. (Morawetz on Private Corporations, sec. 526; *Gardner* v. *Butler*, 30 N. J. Eq. 702, 721, 724; *Corinne Mill etc. Co.* v. *Toponce*, 152 U. S. 405; *Graves* v. *Menlo Lake etc. Min. Co.*, 81 Cal. 304–20; *Baird* v. *Crank*, 98 Cal. 293–98; *Rosborough* v. *Shasta River Canal Co.*, 22 Cal. 556, 562.) The employment of plaintiff by defendant on June 6, 1888, and September 2, 1891, and the continuous discharge of the duties of his position from June 6, 1888, up to and inclusive of November 24, 1891, constituted an entire and unbroken employment, and the statute of limitations did not commence to run against his right to recover compensation therefor until November 25, 1891. (*Carter* v. *Carter*, 36 Mich. 207; *Littler* v. *Smiley*, 9 Ind. 116; *Van Horn* v. *Scott*, 28 Pa. St. 316; *Schoch* v. *Garrett*, 69 Pa. St. 144.) The orders by which the plaintiff was appointed superintendent and general manager of the defendant were undoubtedly written instruments. (*Rosborough* v. *Shasta River Canal Co.*, *supra*.) Although the orders appointing the plaintiff superintendent and general manager did not in terms contain a promise to pay for his services, he was nevertheless entitled to recover their reasonable value. (*Bee* v. *San Francisco etc. R. R. Co.*, 46 Cal. 249; *Corinne Mill etc. Co.* v. *Toponce*, *supra*.) Plaintiff's second cause of action rests upon an express contract in writing, and the proposed evidence of a usage and custom as to the payment of salaries was clearly inadmissible. (*Burns* v. *Sennett*, 99 Cal. 364–71.)

McFarland, J.—Judgment went for plaintiff, and defendant, a corporation, appeals.

There are two counts in the complaint. In the first it is averred that on September 11, 1891, there was an account stated between the parties for moneys before that time expended by plaintiff for the use of defendant; that the balance on said account stated was on said day

$10,050.07; and that defendant agreed and promised to pay said balance. The alleged cause of action in this first count is purely an account stated. The second count is for $23,000 alleged services by plaintiff as general manager of defendant.

1. The court found, on the first count, that on September 11, 1891, defendant was indebted to plaintiff for moneys expended for defendant's use in the sum of $10,050.07, " and that on the said eleventh day of September, 1891, the plaintiff stated his account for such moneys to the defendant in the said sum of ten thousand and fifty and seven one-hundredths ($10,050.07) dollars, and that defendant accepted the account as stated, and agreed in writing to pay the same." It is further found that defendant afterward paid plaintiff $2,000, and that at the commencement of the action there was due thereon $8,050.07, with interest from said September 11th at seven per cent per annum—for which amount judgment was rendered.

Appellant contends that the finding of an account stated on September 11th for $10,050.07 is not supported by the evidence, and is against law; and the contention must be sustained. As to the question whether there was any stated account at all on September 11th—that is, whether the appellant then agreed to any account presented by respondent as a final settlement—the evidence is conflicting. But, if we assume that there was an account stated on that day, it is clear that it was not for $10,050.07, but for only $3,550.07. The contract found is not the one proved. The statement on motion for a new trial contains the following: "Said account was headed, ' Mt. Tecarte Land and Water Company in account with D. O. McCarthy,' and consisted of a large number of items of debit against the defendant running from May 15, 1888, to September 2, 1889, and aggregating the sum of $10,050.07, with a credit under date of July 2, 1891, of $6,500, and showing a net balance of $3,550.07. The aggregate of the account, the credit

thereon, and the balance after deducting the credit being as follows:

"$10,050 07

"July 2, 1891, Cr. by issue to D. O. Mc-
Carthy of 65,000 shares of stock at ten
cents per share...................... 6,500 00

"Balance due    $3,550 07"

And immediately following was an indorsement as follows:

"Approved and ordered paid at a meeting of the board of directors held September 11, 1891.

"E. M. Dean, Secretary,

"By B. F. Moore, Ass't Sec'ty."

(The respondent withdrew from his offer of the account the indorsement of the secretary, Dean. Appellant objected to this withdrawal, because, then, only a part of the account was offered, and his objection was overruled. If that indorsement be not considered, then there is little evidence tending to show that *any* account was agreed to by appellant; but that is not important here, because we are now assuming that there was some kind of a stated account on September 11th.)

There is no evidence showing, or tending to show, any account stated on September 11th, other than the one described in the part of the transcript above quoted; and that account clearly showed a balance of only $3,550.07, and for the latter sum alone could the appellant be held liable upon the contract which is created by a stated account—which is a new and independent contract. (See *Coffee* v. *Williams*, 103 Cal. 556, and cases there cited.)

The finding was, no doubt, based upon some occurrences which took place long after the alleged stating of the account on September 11th, and which, keeping in view the nature of a stated account, should not have been considered. The $6,500 worth of stock of the corporation defendant, with which respondent credited

appellant in the alleged stated account of September 11th, had been purchased by respondent on July 2, 1891, and had not been paid for; and it appears that afterward, on November 26, 1891, the board of directors of the appellant—a new board having been elected about that time—by resolution allowed respondent to surrender the certificates for said stock, and cancel said sale, and to be released of said credit, and it was resolved "that said D. O. McCarthy be and he is hereby requested and allowed to present his account against the company, together with the account of J. Harvey McCarthy against the company, to this board for examination and allowance, within the period of sixty days next ensuing from and after this date." There is a conflict of evidence on the question whether respondent ever did afterward present another account; but this is immaterial here, because the transactions of November 26th did not change the liability of appellant upon the contract evidenced by the alleged stated account of September 11th—unless, indeed, they showed that said alleged account was not intended to be a final stated account, or unless they worked a rescission of that contract.   In this action respondent must rely upon the alleged stated account of September 11th as it stood stated on that day. If it was afterward opened up, it cannot stand as a cause of action.   A judgment for $10,150.07 upon a stated account which shows a balance of only $3,550.07 cannot be sustained.   If the account of September 11th was a stated account, the appellant is in the same position, except in some particulars not important here, as it would have been if it had given its promissory note for the said balance of $3,555.07; and in an action *based on the stated account* a judgment for more than the balance due on the face of the account would be as erroneous as a judgment on a promissory note for more than the face of the note.

It is also averred in the complaint that the account was restated on or about the 24th of November, 1891;

but as the averment was denied, and the court made no finding on the subject, it must be disregarded.

2. In the second count it is averred that on or about February 1, 1888, the defendant employed plaintiff as its general manager and agreed to pay him for his services as such a fair and reasonable compensation; that he accepted such employment and remained its general manager continuously from about February 1, 1888, to about November 24, 1891, and that his services during that period were reasonably worth $23,000—no part of which had been paid. In the answer all these averments are denied; and it is averred that the cause of action, if it ever existed, is barred by subdivision 1 of section 339 and by section 337 of the Code of Civil Procedure. During all the time mentioned in the complaint the respondent was a large stockholder and a director of the corporation defendant.

The court found that on June 6, 1888, the defendant, by a resolution of its board of directors, appointed the plaintiff its *superintendent,* and that he then entered upon the duties of "said office," and discharged them until November 24, 1891; that during that time he assumed and discharged the duties of general manager with the knowledge and consent of the directors, but without any express appointment until September 2, 1891; and that on said September 2, 1891, he was, by a resolution of the board, appointed "superintendent *and general manager.*" It was further found "that no order was ever made by the board of directors of the defendant, nor any contract or agreement by any of its officers, fixing the compensation of plaintiff for his services or the time of payment thereof; but that it was nevertheless the understanding and expectation of the plaintiff and the board of directors of the defendant, at the time of plaintiff's said appointment and during the entire period of his services, that he was to receive reasonable compensation for such services." It was also found that the value of his services during said period was $150 per

month; also, that no part of this cause of action was barred by subdivision 1 of section 337 of the Code of Civil Procedure; but that his right to recover for services rendered prior to January 11, 1889—four years before the commencement of the action—was barred by section 337 of the Code of Civil Procedure. Judgment on this count was ordered and rendered for $5,175.

Counsel for appellant contends that the evidence is insufficient to support the finding that "it was nevertheless the understanding and expectation of the plaintiff and the board of directors" that respondent was to receive compensation; but that, on the contrary, the evidence shows that the company was in poor financial circumstances, and that it was understood that none of the directors were to receive compensation for what they should do in the interest of all the projectors of the water scheme which they had in view. The preponderance of the evidence certainly seems against any understanding or expectation that respondent was to be paid; but, under our views of the case on other points, it is unnecessary to decide whether there was any material evidence sufficient to justify said finding. In the first place, we think that the court erred in ruling upon the admissibility of evidence offered on that point. As the respondent was a stockholder and director of the, corporation, he was not entitled to compensation for services rendered by him for it, no matter under what name or official position, unless there was some kind of a contract for such compensation. Now, there is no pretense that there was any express contract for compensation; consequently, if there was any such contract, it must have been an implied contract arising out of and inferable from the situation and relation of the parties; and any fact which could reasonably throw light upon that relation, or tend to show the intention of the parties, was relevant and admissible. (*Barstow* v. *City R. R. Co.*, 42 Cal. 465.) And we think that the court erred in sustaining objections to evidence offered by appellant for that purpose.

For instance, appellant asked the respondent when on the witness stand: "To what extent were you interested as a stockholder in the Mt. Tecarte Land and Water Company in the year 1888?"—and he was asked the same question as to the years 1889, 1890, and 1891. Objections to these questions were sustained, and we think erroneously. The questions tended to show the relations of the parties, and the interest which respondent himself had in the property, and to throw light on the question whether or not it was intended that he should have compensation, or, if so, how much; and "the situation of the parties at the time—the relation, if any, in which they stood of a business character, or otherwise—are important to be known and considered in order to arrive at a correct solution of the ultimate question involved." (*Barstow* v. *City R. R. Co.*, *supra.*) Other questions of a similar character not necessary to be here specially mentioned were incorrectly ruled out; and it was particularly erroneous and prejudicial to sustain objections to the following question, asked by appellant of one of its witnesses, who was an original incorporator and director: "Was it not a usage of the defendant corporation that no compensation should be paid to the directors or its officers?" and to strike out the following statement of another of its witnesses: "It was agreed upon between the original incorporators that no officers should receive salaries for their services." The court found that there was an "understanding" of the appellant that there was to be compensation to respondent, and, as bearing on that question, the said testimony sought to be introduced by appellant was relevant and competent. Whether there was such a usage was a fact and not a mere conclusion of the witness. Upon this point the case at bar is not distinguishable from *Fraylor* v. *Sonora Min. Co.*, 17 Cal. 594. In that case the plaintiff was a stockholder in the corporation defendant and had been appointed its secretary, and he sought to recover the value of services rendered as such secretary. The defendant "offered to

show that by the usage and custom of the corporation
no compensation was chargeable for services of this
nature." Objection was sustained, and this court, on
appeal, reversed the judgment. The court, in its opin-
ion, quotes from Angell and Ames on Corporations, as
follows: "The officers of a corporation who are to
receive any compensation are usually provided for by
regular salaries. If there is no salary and no par-
ticular contract, much must depend, as in other cases,
upon the custom with regard to compensation for the
particular services, and the expectations of the parties
growing out of it." The court then say: "The rule
thus laid down covers the principle involved in the
offer made by the defendant, and we think there was a
violation of this rule in the rejection of that offer. . . . .
We have no doubt of the admissibility of the evidence;
and, if the plaintiff was informed of the existence of
the usage and custom referred to, the inference would
naturally be that he accepted the office and performed
its duties without any expectation of being compen-
sated for his services. If any such usage in fact existed,
his position as a member and officer of the corporation
is sufficient, *prima facie*, to charge him with a knowledge
of its existence." In the case at bar we gather from the
evidence that the project of the corporation was to ac-
quire and create water and ditch property with means to
be obtained by the sale of its stock; and while the record
does not show affirmatively that the project was a fail-
ure, it does appear in the evidence that all the money
it ever received and expended on its works did not ex-
ceed $10,000. Under these circumstances it might well
have been the usage, custom, and understanding that the
directors should not receive compensation for their ef-
forts in helping along the enterprise in which all were
interested; and the said testimony offered by appellant
and excluded by the court was not only admissible but
highly important.

There is another point in the case which demands
notice. The court found that no part of respondent's

cause of action for services was barred by subdivision 1 of section 339 of the Code of Civil Procedure, but that the part of the cause of action which accrued more than four years before the commencement of the action was barred by section 337. The court, therefore, must have found that the action is upon a "contract, obligation, or liability founded upon an instrument in writing." We think that the court erred in thus holding. It is contended by respondent that the resolution of the directors of appellant appointing him superintendent, or general manager, is the instrument in writing upon which this action is brought. (It may be observed that, even under this view, there was no resolution appointing him "general manager" until September 2, 1891, which was only a couple of months before his alleged services ended, and that the complaint is for services only as *general manager*. The resolution of June 6, 1888, was for his appointment only as *superintendent;* and there usually is a great difference between the two positions. But as appellant does not make this point, it may be assumed, we suppose, that the resolution of June, 1888, appointed him to the place for services in which he sues.)

But a cause of action is not upon a contract founded upon an instrument in writing, within the meaning of the code, merely because it is in some way remotely or indirectly connected with such an instrument, or because the instrument would be a link in the chain of evidence establishing the cause of action. In order to be founded upon an instrument in writing, the instrument must, itself, contain a contract to do the thing for the nonperformance of which the action is brought. In *Chipman* v. *Morrill*, 20 Cal. 132, it was held that an action by one joint maker of a promissory note against the others for contribution was not upon the note as "an instrument in writing" within the meaning of the statute, and was barred in two years. In that case Justice Field, delivering the opinion for the court, said: " Our conclusion is that it is not thus founded;

that the statute, by the language in question, refers to contracts, obligations or liabilities resting in or growing out of written instruments, not remotely or ultimately, but *immediately.* He further says: "The construction would be the same if the word 'founded' were omitted and the statute read 'upon any contract, obligation, or liability, upon an instrument in writing'" In the case at bar the contract—if any such there be—of the appellant to pay respondent for services is not the direct and immediate consequence of the resolution appointing him superintendent. Respondent, being a director of appellant, was not entitled to compensation for services rendered the corporation, unless the circumstances were such as to raise an implied *assumpsit* to pay what they were reasonably worth. But that *assumpsit* did not arise out of the mere fact of his appointment as superintendent, as might have been the case, perhaps, if he had been a stranger. In *Smith* v. *Long Island R. R. Co.*, 102 N. Y. 192, where it was held that the employment by a corporation of a stranger as secretary raised an implied obligation to make compensation for services, the court put it on the express grounds that: "He was neither stockholder nor director of the defendant, and stood in no relation to the company which entitled it to his gratuitous service, or which made it his interest to serve the company without compensation." And the court say further: "The rule that directors or trustees cannot recover for services rendered for the corporation upon an implied promise is an application of the general rule applicable to trustees. But we perceive no reason of policy or justice which should prevent a person appointed as secretary, and who is neither a director nor stockholder, from receiving a reasonable compensation for his services." (See Taylor on Private Corporations, secs, 646, 647, and cases cited; *Brown* v. *Republican etc. Silver Mines*, 17 Col. 421.) In most of the cases cited by respondent the officer or employee was a stranger having no relation to the corporation. In *Rosborough* v. *Shasta R. R. Co.*, 22 Cal. 557,

the *decision* was upon the ground that there was a written order that the compensation of the plaintiff " be established at fifty dollars per month"; and what the court said in its opinion on the subject here involved was *dictum,* and was not clear, because it speaks of an " understanding and expectation" which " removes all presumptions that the services were performed gratuitously." The opinion refers to *Fraylor* v. *Sonora Min. Co., supra,* in which the court say that " the right of the plaintiff to recover rests *alone* upon the fact of the rendition of the services." In the case at bar, therefore, respondent's cause of action is not upon a " written instrument," to wit, the resolution appointing him superintendent, or general manager. Appellant could not have been precluded from showing affirmatively that no compensation was intended or expected, upon the ground that it would have been an attempt to contradict a written instrument. If respondent have any cause of action, it is upon an understanding of appellant and the expectation of respondent that he would be compensated, which may be implied, if the evidence be sufficient, from all of the circumstances of the case, and not upon any written instrument. Indeed, the finding of the court is not that there was a contract in writing to pay compensation, but that there was, " nevertheless, the understanding and expectation" of the respondent and the board that there should be reasonable compensation. Our conclusion, therefore, is that the cause of action set up in the second count is not upon an instrument in writing within the meaning of said section 337 of the Code of Civil Procedure; and that, as to all services rendered more than two years before the commencement of the suit, the cause of action is barred by subdivision 1, section 339, of said code.

The judgment and order denying appellant's motion for a new trial appealed from are reversed, and a new trial is granted.

Henshaw, J., and Temple, J., concurred.

Hearing in Bank denied.