[Civ. No. 11302. Second Appellate District, Division Two.—April 8, 1937.]

ADA MEYERS, Appellant, v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA (a Corporation), Respondent.

Wendell P. Hubbard for Appellant.

Harry B. Ellison for Respondent.

McCOMB, J.—This is an appeal by plaintiff from a judgment in favor of defendant after trial by the court without a jury.

Viewing the evidence most favorable to the defendant, the facts are:

In 1886 plaintiff and Robert Meyers were married in New York City. They separated in 1900 and in 1910 Robert Meyers obtained a divorce from plaintiff. In 1932 at plaintiff's instance this decree was vacated. Immediately after obtaining the divorce, Robert Meyers married Roseabel Meyers. Thereafter in 1913 they came to California and lived here as husband and wife continuously until his death in 1931.

Defendant issued two life insurance policies with Robert Meyers as the assured and Roseabel Meyers as the beneficiary, one in 1923 in the amount of $25,000 and the other in 1928

in the amount of $100,000. The premiums on these policies were paid with community funds of plaintiff and Robert Meyers. Subsequent to assured's death the named beneficiary's claim under the policies was settled with her.

October 16, 1931, plaintiff made demand upon defendant that it pay one-half of the face value of each policy to her, claiming that the same constituted her community interest in them. The present action was commenced November 8, 1934.

█ This is the sole question presented for determination:

*Is a suit by the surviving spouse to enforce her community rights in a life insurance policy, wherein her husband is named as asssured, and the premiums on which have been paid from community funds, based on a contract in writing, thus making applicable the four-year statute of limitations? (Subd. 1, sec. 337, Code Civ. Proc.)*

This question must be answered in the negative. █ A suit is not upon a contract in writing unless the obligation which it is sought to enforce is found in the written agreement. (*McCarthy* v. *Mt. Tecarte L. & W. Co.*, 111 Cal. 328, 340 [43 Pac. 956].) Mr. Justice McFarland in *McCarthy* v. *Mt. Tecarte L. & W. Co.*, *supra*, at page 340, thus accurately states the rule:

"But a cause of action is not upon a contract founded upon an instrument in writing, within the meaning of the code, merely because it is in some way remotely or indirectly connected with such an instrument, or because the instrument would be a link in the chain of evidence establishing the cause of action. In order to be founded upon an instrument in writing, the instrument must, itself, contain a contract to do the thing for the nonperformance of which the action is brought."

█ In the instant case plaintiff's causes of action against defendant arose from her marital status as the wife of the assured plus the fact that the premiums upon the policies had been paid with community funds. Her rights of action were not based upon the policies of insurance issued by defendant. Her causes of action were based upon the facts that certain funds, which belonged to her but which under the law were exclusively in the possession and under the control of her husband, had been invested by him and had

become of great value; and that she had a right to trace such funds, including the profits for the purpose of impressing her ownership upon them. There was no mutuality of contract between plaintiff and defendant created by the insurance policies. Defendant could not have required plaintiff to pay the premiums. Her claim was founded primarily upon the claim that she was the owner of the funds, and against defendant, because it was in possession of them. The policies of insurance were a mere link in the chain of evidence establishing her causes of action. Hence, since her causes of action were not founded upon an instrument in writing, subdivision 1, section 337, of the Code of Civil Procedure did not apply; but subdivision 1, section 339, of the Code of Civil Procedure, providing that an action upon an obligation not founded upon a written instrument must be brought within two years from the date the cause of action arises, is applicable. Therefore, in the present case, as more than two years had elapsed from the date plaintiff's causes of action arose before the filing of the complaint, they were barred by the statute of limitations.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 3, 1937.