[Civ. No. 22641.  Second Dist., Div. Three.  May 12, 1958.]

JAMES N. ROUTH, Appellant, v. PALM OIL COMPANY (a Corporation) et al., Respondents.

Theodore G. Lee for Appellant.

Robert E. Krause for Respondents.

VALLÉE, J.—Appeal by plaintiff from a judgment for defendants in an action for money.

The complaint alleges three separate transactions entered into by defendants with plaintiff: the first, the sale by plaintiff to defendants of an oil lease for which $7,000 was unpaid; the second, the obtaining by plaintiff for defendants of another oil lease for which defendants agreed to pay plaintiff a commission of $2,500, which was unpaid; the third, for the reasonable value of pipe and tubing sold to defendants. The court found plaintiff had been paid in full, and he appeals from the judgment and from an order denying his motion for a new trial. The order denying a new trial is not appealable and the appeal therefrom must be dismissed.

Plaintiff asserts a finding that defendants were not general partners is unsupported by the evidence. The point is of no consequence. Since the court found plaintiff had been paid in full, it is immaterial whether defendants were partners.

Plaintiff obliquely challenges the sufficiency of the evidence to support the findings that he was paid in full. Such contention requires plaintiff to demonstrate that there is no substantial evidence to support the challenged findings. (*Nichols* v. *Mitchell*, 32 Cal.2d 598, 600 [197 P.2d 550].) Plaintiff, however, recites only evidence favorable to him. It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact. It is not the province of a reviewing court to search the record in order to ascertain whether it contains evidence that will sustain a contention made by either party to the appeal. (*Fuschi* v. *Vir Den*, 107 Cal.App.2d 280, 283-284 [236 P.2d 829]; *Marson* v. *Rand*, 107 Cal.App.2d 466, 468 [237 P.2d 18].) Where an appellant claims that

some particular issue of fact is not sustained by the evidence, he is required to set forth in his brief all of the material evidence on the point and not merely his own evidence. If this is not done, the error assigned is deemed waived. (*Kruckow* v. *Lesser*, 111 Cal.App.2d 198, 200 [244 P.2d 19], and cases cited.) Notwithstanding plaintiff's disregard of the rules, we have examined the record. The evidence on all questions was conflicting. ■ The attack is largely with respect to the credibility of one of defendants' witnesses, a matter with which we have no concern. There was much evidence that plaintiff was fully paid.

In support of his motion for a new trial plaintiff filed an affidavit of his attorney which stated that about a week before the trial he inquired of the county clerk as to whether one of defendants' witnesses had been convicted of any felonies and he was told there was no record of any conviction; following the trial he made inquiries of the district attorney's office and was told the witness had been convicted of a felony; he thereupon obtained a certified copy of the judgment of conviction, which was for grand theft. A certified copy of the judgment was attached to the affidavit. Plaintiff makes a nebulous claim with respect to this matter. The most he says is that it discredited the testimony of the witness. He does not say the court erred in denying a new trial. ■ A new trial will not ordinarily be granted on the ground of newly discovered evidence which is merely impeaching in character. (*Dankert* v. *Lamb Finance Co.*, 146 Cal.App.2d 499, 502 [304 P.2d 199].) ■ Whether the witness was sufficiently discredited to warrant the granting of a new trial was a matter for the trial court. The appeal borders on the frivolous.

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.