[Civ. No. 23465.   Second Dist., Div. Two.   Jan. 29, 1960.]

A. L. MURPHY, Appellant, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY (a Corporation), Respondent.

Shelby Lee Chambers for Appellant.

Belcher, Henzie & Fargo for Respondent.

HERNDON, J.—Appellant Murphy, a licensed engineer and contractor, was awarded a contract to construct a diversion dam for the United States Bureau of Reclamation. He brought this action against Hartford Accident and Indemnity Company, a bonding company, which furnished the bid, performance, and payment bonds required in connection with the government contract.

The amended complaint upon which the case was tried is not a model of pleading. Entitled "Breach of Contract, Damages," it contains four nondescript causes of action. The first cause of action might be classified either as one for breach of an oral agreement or as an action ex delicto for unlawful interference with contractual relations. The second cause of action incorporates by reference substantially all of the allegations of the first, and, if liberally construed, might be considered sufficient to plead the elements of an actionable fraud. A demurrer to the first cause of action was sustained without leave to amend, and the third and fourth causes of action were dismissed on Murphy's motion during the trial.

For reasons which will shortly appear, it is wholly unnecessary to burden the reports with a detailed analysis of the lengthy complaint. The gist of it appears to be that Hartford committed certain intentional and wrongful acts and made certain fraudulent misrepresentations in order to secure control of monies belonging to Murphy, and to cause him to breach his contract with the government. He claimed damages in the amount of $435,000 for loss of profits and other items.

Hartford cross-complained on the indemnity agreement

which Murphy had executed in connection with his application for the payment and performance bonds. Hartford alleged that Murphy had defaulted in the performance of the government contract, and that as a consequence it had been required to complete the project pursuant to its agreement under the terms of the performance bond. The damages claimed by the cross-complaint represented the amount by which Hartford's expenditures in the completion of the project exceeded the payments which it received from the government. It also sought recovery of attorneys' fees and costs.

The trial court made complete and detailed findings of fact which, in substance, were to the following effect: that all of appellant's allegations charging Hartford with wrongful acts and fraudulent misrepresentations were untrue; that appellant had defaulted under his contract with the government; that Hartford had been required to complete the project pursuant to its obligations under the performance bond; and that the sums expended by Hartford exceeded the amounts received by it under the contract to the extent of $60,687.18. Judgment was entered that Murphy take nothing by his action and that Hartford recover a total of $89,388.04 on its cross-complaint, plus costs. Hartford's judgment included interest in the sum of $21,100.86 and attorneys' fees in the sum of $7,600.

On this appeal, Murphy advances the following three contentions: (1) that the findings are not supported by the evidence; (2) that the trial court erred in limiting the evidence to the question of liability; and (3) that the court erred in sustaining the demurrer to the first cause of action of the amended complaint without leave to amend. We find no merit in any of these contentions.

With respect to his claim that the findings are not supported by the evidence, appellant's brief so flagrantly violates established rules of appellate procedure that this assignment of error must be deemed waived. In the section of his brief devoted to this contention, appellant fails to set forth any fair statement of the evidence. In his general statement of the facts, he recites the effect of his own contradicted testimony as though it were undisputed, fails fairly to set forth all the evidence material to the disputed issues of fact, purports to state much evidence without supporting transcript references, and disregards evidence in the record

which contradicts that upon which he relies in all material particulars.

As stated in *Tesseyman* v. *Fisher*, 113 Cal.App.2d 404, 407 [248 P.2d 471]: "Plaintiff contends the evidence is insufficient to support the finding that the transaction was a sale. Such a contention requires plaintiff to demonstrate that there is no substantial evidence to support the challenged finding. . . . It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact. It is not the province of a reviewing court to search the record in order to ascertain whether it contains evidence that will sustain a contention made by either party to the appeal (citing cases). Where an appellant claims that some particular issue of fact is not sustained by the evidence, he is required to set forth in his brief *all of the material evidence on the point and not merely his own evidence. If this is not done, the error assigned is deemed waived.*" (Emphasis added.)

The appellate courts have repeatedly stated the rules with reference to the required statement of the evidence where the assignment of error is that the findings are not sufficiently supported by the evidence, and have warned that noncompliance therewith will be deemed a waiver of the assignment. (*Grand* v. *Griesinger*, 160 Cal.App.2d 397, 403 [325 P.2d 475]; *Goldring* v. *Goldring*, 94 Cal.App.2d 643, 645 [211 P.2d 342]; *Routh* v. *Palm Oil Co.*, 160 Cal.App.2d 359, 360 [324 P.2d 936]; *Kruckow* v. *Lesser*, 111 Cal.App.2d 198, 200 [244 P.2d 19]; *McCosker* v. *McCosker*, 122 Cal.App.2d 498, 500 [265 P.2d 21].)

Notwithstanding appellant's waiver of this assignment by his noncompliance with the applicable rules, we have reviewed the record sufficiently to be entirely satisfied that every essential finding of fact is amply supported by substantial evidence. Indeed, we have concluded that there was abundant justification for the following comment made by the trial judge at the conclusion of the trial: "I don't know when I have had a case where such serious charges against the defendant were made in the complaint, and in which so little evidence was produced to sustain such charges."

■ Appellant's second assignment of error is that the court below erred in limiting the evidence to the issue of liability. The contention is patently without merit. The trial court, in the proper exercise of its undoubted power to control the order of proof, determined to try the issue of liability

first. Having decided that appellant had established no cause of action against respondent, there was obviously no occasion to receive any evidence on the issues of damages so far as appellant's complaint was concerned. The propriety of first trying the issue of liability in nonjury cases is not open to question.

There are two sufficient answers to appellant's claim that it was error to sustain the demurrer to his first cause of action without leave to amend. In the first place, every material allegation of fact contained in the first cause of action was incorporated by reference into the second, and the trial court, upon substantial evidence, found that all of said allegations were untrue. In the second place, this nondescript cause of action, in whatever classification it might reasonably be placed, is barred by limitations. All the alleged acts of wrongdoing on the part of respondent necessarily were committed, if at all, prior to January 30, 1951, the date on which the Bureau of Reclamation terminated appellant's right to proceed under the contract. The original complaint in this action was filed on February 15, 1953. Although the complaint is headed "Complaint, Breach of Contract, Damages," and although a contractual relationship existed between the parties, there is no allegation that Hartford breached any term or provision of any written agreement. In order for an action to be based upon an instrument in writing, the writing must express the obligation sued upon. (*Simons* v. *Birge Co.* (D.C.S.D.Cal.), 52 F.Supp. 629, 633-634; *Meyers* v. *Guardian Life Ins. Co.*, 20 Cal.App.2d 268, 270 [66 P.2d 753]; *McCarthy* v. *Mt. Tecarte L. & W. Co.*, 111 Cal. 328, 340 [43 P. 956].) It follows that the four-year limitation period of section 337 of the Code of Civil Procedure cannot be applicable.

Whether this cause of action be classified as one for breach of an oral agreement or, more plausibly, as a tort action for interference with contractual relations (see *Guillory* v. *Godfrey*, 134 Cal.App.2d 628, 632 [286 P.2d 474]; *California Beverage & Supply Co.* v. *Distillers Distributing Corp.*, 158 Cal.App.2d 758, 769 [323 P.2d 517]), it necessarily falls into the category of "[a]n action upon a contract, obligation or liability not founded upon an instrument in writing" (Code Civ. Proc., § 339, subd. 1), and the two-year limitation is applicable. This is clearly the case if the action is viewed as one for breach of an oral contract. If viewed

as a tort action, it is one for which the limitations period is not specifically provided and it has been stated that " '[l]iability' as used in [§ 339, subd. 1] includes responsibility for torts, and 'is applicable to all actions at law, not specially mentioned in other portions of the statute.' " (*Lowe* v. *Ozmun,* 137 Cal. 257, 258 [70 P. 87] ; *Italiani* v. *Metro-Goldwyn-Mayer Corp.,* 45 Cal.App.2d 464, 467 [114 P.2d 370].) Since appellant waited for more than two years to bring this suit, the first cause of action was barred by Code of Civil Procedure, section 339, subdivision 1, and the demurrer thereto was properly sustained.

Affirmed.

Fox, P. J., and Ashburn, J., concurred.