Ivan DIMCHEFF, Plaintiff—Appellant,

v.

BAY VALLEY PIZZA INC., Michigan corporation, Defendant—Appellee.

No. 01–17369.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Jan. 7, 2004.

Jon Robert Vaught, Esq., Vaught & Boutris LLP, Oakland, CA, for Plaintiff–Appellant.

Bennett G. Young, Esq., Paul S. Jasper, Esq., Leboeuf, Lamb, Greene & MacRae, LLP, San Francisco, CA, Louis Burnett, Bloomfield Hills, MI, for Defendant–Appellee.

Before: THOMPSON and TROTT, Circuit Judges, and WEINER, Senior District Judge.*

## MEMORANDUM **

Ivan Dimcheff appeals the district court's dismissal of his first amended complaint without leave to amend. The district court held that Dimcheff's claims were barred by the applicable statutes of limitations and that Dimcheff was not entitled to equitable tolling under *Bollinger v. Nat'l Fire Ins. Co.*, 25 Cal.2d 399, 154 P.2d 399 (1944), or the general doctrine of equitable tolling.

Dimcheff argues that the district court erred because his complaint pleads facts sufficient to support equitable tolling under *Bollinger*. We disagree.

Technically, *Bollinger* does not concern equitable tolling, but, rather, an equitable application of California's saving statute, found at California Code of Civil Procedure section 355. In *Bollinger*, the defendant brought a motion for nonsuit which was erroneously granted. By this time, the limitations period had already expired due to numerous continuances and extensions of time obtained by the defendant. The plaintiff attempted to refile his claims in a second action, but the court dismissed the action on timeliness grounds.

The California Supreme Court held that equitable considerations justified relieving the plaintiff from the statute of limitations. The court relied on California's saving statute, which provides: "If an action is commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal other than on the merits, a new action may be commenced within one year after the reversal." Cal.Civ.Proc.Code, section 355. Even though section 335, by its terms, applies only in the event of reversals on appeal, the *Bollinger* court explained that the "basic policy" underlying section 355 called for relief in the case before it.

In subsequent cases, the California Supreme Court has limited *Bollinger* to its facts. In *Wood v. Elling Corp.*, 20 Cal.3d 353, 142 Cal.Rptr. 696, 572 P.2d 755 (1977), the California Supreme Court explained the concurrence of the following three factors present in *Bollinger* "is essential to an application of the rule stated therein": (1) the trial court erroneously granted the initial nonsuit; (2) dilatory tactics on the part of the defendant "prevented disposition of the first action *in time to permit a second filing within the [limitations period]*"; and (3) the plaintiff had at all times

---

* The Honorable Charles R. Weiner, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

proceeded in a diligent manner. *Id.* at 361, 142 Cal.Rptr. 696, 572 P.2d 755 (emphasis added); *see also Neff v. New York Life Ins. Co.*, 30 Cal.2d 165, 174, 180 P.2d 900 (1947) (noting that *Bollinger* involved a "peculiar sequence of events deemed to be of controlling importance in suspending the running of the statute of limitations....."); *Allen v. Greyhound Lines, Inc.*, 656 F.2d 418, 421 (9th Cir.1981) ("The [California Supreme Court] thus made it clear that to avoid the literal language of [section 335], the plaintiff must demonstrate the existence of those three factors present in *Bollinger.*")

It is clear from Dimcheff's complaint and its attachments that the second factor is not present in this case. Even assuming that Bay Valley Pizza engaged in dilatory tactics by representing to the Northern District of California that Dimcheff was required to refile his claims in Michigan, Bay Valley's actions did not prevent disposition of California II in time for Dimcheff to file the present action within the applicable statute of limitations.

A four-year statute of limitations applies to Dimcheff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Cal.Civ.Proc.Code § (1).[1] The limitations period commenced on September 5, 1996 when Bay Valley notified Dimcheff that it would not proceed with the purchase of the franchises. The order of dismissal in California II (Exhibit C to Dimcheff's first amended complaint) establishes that California II was dismissed on April 20, 2000, leaving Dimcheff more than four months to file the present action before the statute of limitations expired. He did not do so. Instead, he waited more than seven months after California II was dismissed and then filed a

motion to reopen in Michigan; and he waited more than 11 months after California II was dismissed before he filed the present action. The district court did not err in dismissing the action as untimely.

We note that California's general doctrine of equitable tolling is inapplicable in the circumstances of this case. The general doctrine of equitable tolling suspends the running of a statute of limitations when a plaintiff, possessing *several legal remedies*, reasonably and in good faith pursues one designed to lessen the extent of his injuries or damages. *Addison v. State*, 21 Cal.3d 313, 317, 146 Cal.Rptr. 224, 578 P.2d 941 (1978). In contrast, *Bollinger* applies when a plaintiff refiles the *same* claims and seeks equitable relief from the statute of limitations. *Bollinger* applies here, and Dimcheff failed to satisfy its requirements.

AFFIRMED.

---

1. A two-year statute of limitations applies to Dimcheff's claim for intentional interference with economic relationship. *Murphy v. Hartford Accident & Indemnity Co.*, 177 Cal.

App.2d 539, 2 Cal.Rptr. 325 (1960). At oral argument, counsel for Dimcheff acknowledged that this appeal concerns equitable tolling of the four-year statute of limitations.