Filed 10/8/13  Tomko v. Batistelli CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PAUL TOMKO, | |
| Plaintiff and Appellant, | E054712 |
| v. | (Super.Ct.No. RIC10006938) |
| LEO A. BATISTELLI et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  John Vineyard, Judge.
Affirmed.

Law Offices of Santiago Rodnunsky & Jones and David G. Jones for Plaintiff and Appellant.

Law Offices of Michael S. Magnuson and Michael S. Magnuson for Defendants and Respondents.

On April 13, 2010, plaintiff and appellant, Paul Tomko, filed his complaint for breach of contract, misrepresentation and fraud against defendants and respondents and others.[1] On September 20, 2011, the trial court decided that the action was barred by the statute of limitations and granted respondents' summary judgment motion. Tomko appeals.

I

STANDARD OF REVIEW

The standard of review is well stated in *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89: "Summary judgment provides 'courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute.' [Citation.] A summary judgment motion 'shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' [Citation.] 'The pleadings determine the issues to be addressed by a summary judgment motion [citation], and the declarations filed in connection with such motion "must be directed to the issues raised by the pleadings."' [Citation.] [¶] The moving party 'bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law.' [Citations.] Defendants moving for summary judgment

---

[1] The motion for summary judgment was granted as to respondents Leo A. Batistelli, Shirley Frances Batistelli, and Joseph A. Batistelli. For clarity, we will refer to them by their first names or, collectively, as respondents. Other defendants did not join in the motion and, as discussed below, the action continued as to them. We will use the term "defendants" to refer to all named defendants in the action.

. . . , meet this burden by presenting evidence demonstrating that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense to the action. [Citations.] Once the defendant makes this showing, the burden shifts to the plaintiff to show that a triable issue of material fact exists with regard to that cause of action or defense. [Citations.] Material facts are those that relate to the issues in the case as framed by the pleadings. [Citation.] In ruling on the motion, the court must consider the evidence and inferences reasonably drawn from the evidence in the light most favorable to the party opposing the motion. [Citation.] [¶] We review an order granting summary judgment de novo, considering all the evidence set forth in the moving and opposition papers, except that to which objections have been made and sustained. [Citations.] In undertaking our independent review, we apply the same three-step analysis as the trial court. First, we identify the issues framed by the pleadings. Next, we determine whether the moving party has established facts justifying judgment in its favor. Finally, if the moving party has carried its initial burden, we decide whether the opposing party has demonstrated the existence of a triable issue of material fact. [Citations.] 'We need not defer to the trial court and are not bound by the reasons for [its] summary judgment ruling; we review the ruling of the trial court, not its rationale.' [Citation.]" (*Id.* at pp. 100-101; see also Code Civ. Proc., § 437c, subd. (c);[2] *Aguilar v. Atlantic*

---

[2] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

3

*Richfield Co.* (2001) 25 Cal.4th 826, 843; *Hamburg v. Wal-Mart Stores. Inc.* (2004) 116 Cal.App.4th 497, 502-503.)

II

ISSUES FRAMED BY THE PLEADINGS

Tomko filed his complaint for breach of contract, misrepresentation, and fraud on April 13, 2010. He alleged that, in November 1983, he and Leo entered into an agreement to purchase a property in Riverside.

The alleged terms of the agreement were that Tomko, Leo, and Leo's father would purchase the property with the father's funds and each would hold a one-third interest in the property. "It was agreed that they would develop the subject property and split the profits 1/3 each after Defendant's father was reimbursed his initial funding."[3]

Tomko received a quitclaim deed for a one-third interest in the property but never recorded it. On June 7, 2006, Tomko discovered that the property had been sold without his knowledge or permission.[4] On that day, he sent a letter to Leo asking to settle the matter. No response was received. The breach of contract cause of action was based on these allegations.

---

[3] Leo's father is unnamed in the complaint. The terms "defendant" and "defendant's father," as used in the quoted sentence, are also uncertain. However, the parties agree that the alleged contract was between Tomko, Leo, and Leo's father, Attilio Batistelli.

[4] Tomko changed the discovery date to April 21, 2006, in his statement of undisputed facts.

4

The misrepresentation and fraud causes of action are also based on the general allegations. In addition, Tomko alleges that the representations were false and that defendants planned to sell the subject property without his knowledge or consent.

Leo's answer denied the allegations of the complaint and asserted the statute of limitations as an affirmative defense.

Accordingly, the issue framed by the pleadings is the validity of the statute of limitations defense.

III

THE MOTION FOR SUMMARY JUDGMENT

The motion for summary judgment was filed on June 9, 2011, by Leo, Shirley, and Joseph. It asserted the statute of limitations as a defense to each cause of action. Specifically, respondents asserted that the contract cause of action was barred by the two-year statute of limitations applicable to an oral agreement (§ 339, cl. 1), and the misrepresentation and fraud causes of action are barred by the three-year statute of limitations (§ 338, subd. (d)).[5]

In support of the motion, Leo filed a declaration that stated that Attilio purchased the property in August 1983 from the Bank of Westminster.[6] On September 1, 1989, the

---

[5]  Tomko's counsel conceded at oral argument that the second and third causes of action are time-barred. Accordingly, we will not discuss them further.

[6]  According to Tomko, he was president of the Bank of Westminster at the time and the property was on the bank's books as a foreclosed property. Tomko also stated that he came up with the idea to sell the bank's property to himself and Leo.

5

property was transferred to a living trust. The trustees were Attilio and his wife Carmen. Attilio died in 1994 and Carmen died in 2009. On February 11, 2004, the property was sold to North Main Affiliates, LLC.

The 1983 escrow instructions are attached to Leo's declaration. They provide that title is to be taken in the name of Attilio as his separate property. Also attached is the 1989 deed from Attilio to his living trust, and the 2004 deed from the trustees to North Main Affiliates, LLC.

Respondents' attorney filed a declaration which attached excerpts from Tomko's deposition and exhibits. At the deposition, Tomko confirmed that the 1983 agreement alleged in paragraph 10 of the complaint was an *oral* agreement. Other than the initial meeting, Tomko never discussed the agreement with Attilio. In the three-month period between the 1983 meeting and Tomko's receipt of the quitclaim deed, he did not specifically recall a meeting with Leo. Tomko also confirmed that he discovered the sale in March 2006. By May 10, 2006, he knew that the property had been sold.

In his opposition to the summary judgment motion, Tomko argued that the contract was written, not oral, and was therefore subject to the four-year statute of limitations in section 337, clause 1.

Tomko also alleged that the discovery rule was applicable, and the question of whether he exercised due diligence was a factual issue. Finally, he argued that the discovery rule was tolled due to defendants' concealment of the breach of contract and his health problems.

6

Tomko's declaration also refers to a promissory note executed by Leo and Tomko in favor of Attilio. The note, signed December 1, 1983, is for $83,340 and was payable upon sale of the property.[7]

Tomko also described his health problems, including two heart transplants, between 2003 and 2008. At times during this period he was too sick to attend to personal or business affairs.

Tomko's separate statement of disputed material facts show that the only disputed issues are whether the contract was oral or written, and whether Tomko discovered the sale in March 2006 or on April 21, 2006.

Accordingly, we conclude that respondents met their burden of persuasion by demonstrating that there is a complete defense to the action. Since respondents met their burden, the burden shifted to Tomko to show that there is a triable issue of fact as to the statute of limitations defense.

IV

THE TRIAL COURT'S DECISION

The trial court addressed these issues at a hearing on September 2, 2011. It announced its tentative opinion at the start of the hearing. First, it found that the contract was an oral agreement subject to the two-year statute of limitations. Using the

_____

[7] The note is unclear. The purchase price was $200,000 and the note was for $83,340. It was signed by Leo and Tomko and was allegedly for their respective one-third interests in the property. However, one-third of $200,000 is $66,666. If Leo and Tomko were each supposed to pay one-third of $200,000 the total would be $166,680. This would leave only $33,320 for the third share. These discrepancies are not explained.

7

undisputed date of sale (February 2004) as the date of breach, the trial court found that the statute of limitations would expire in February 2006. If the alleged date of discovery of the sale (April 21, 2006) was used, the statute of limitations would expire on April 21, 2008. Since the complaint was filed on April 13, 2010, the action is barred under either date.

The trial court found that neither the note nor the quitclaim deed were sufficient writings to memorialize the oral agreement because they are not documents that confirm, ratify, or even mention the oral contract. Accordingly, the trial court concluded that they were subsequent documents executed to carry out the terms of the oral agreement.

The trial court also decided that, if the four-year statute of limitations for actions on written agreements was applicable, the action would still be barred by the statute of limitations. The recorded sale in February 2004 provided constructive notice of the breach, and there was at least inquiry notice in March 2006, when Tomko visited the property and found that it had been developed. The complaint filed on April 13, 2010, was thus beyond a four-year limitations period.

After hearing argument, the trial court agreed with Tomko's counsel that inquiry notice is a factual issue which would defeat summary judgment. But the court did confirm its tentative opinion that the two-year statute of limitations is applicable, and that, even if a four-year statute applied, the action was still barred because it was filed more than four years after the property was sold and the deed recorded.

Accordingly, the trial court granted respondents' motion for summary judgment. In a subsequent order granting the motion for summary judgment, the trial court elaborated on its reasoning by adopting respondents' proposed order.

V

DISCUSSION

On appeal, Tomko argues that the purchase agreement for the Riverside real property was a written contract, and the four-year statute of limitations is therefore applicable.

Tomko rests on Civil Code section 1642. That section is one of several sections providing rules for contract interpretation. Civil Code section 1642 states: "Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together."

Since it is a question of fact as to whether several writings are part of one transaction or not, Tomko argues that the trial court erred in granting summary judgment. (*Versaci v. Superior Court* (2005) 127 Cal.App.4th 805, 814-815; *Nevin v. Salk* (1975) 45 Cal.App.3d 331, 338 [Fourth Dist., Div. Two].)

Tomko cites *Tanzola v. DeRita* (1955) 45 Cal.2d 1. In that case, the agreement was shown by two checks with the word "loan" written on each of them. (*Id.* at p. 9.) The court held that the alleged oral agreement "was obviously merely preliminary to the delivery of the written checks upon which the action is based, and by which . . . the loan was made." (*Ibid.*)

9

Tomko also cites *Amen v. Merced County Title Co.* (1962) 58 Cal.2d 528. In that case, our Supreme Court considered the circumstances in which escrow instructions constitute a contract. The court said: "The contract may be 'in writing' for purposes of the statute of limitations even though it was accepted orally or by an act other than signing. [Citations.]" (*Id.* at p. 532.)

As described above, the trial court found no factual issue. In its order, it found that the quitclaim deed, signed April 24, 1984, and the promissory note dated December 1, 1983, were not a basis for the action because neither document expressed the obligation which was the basis for the litigation.

The trial court cited *Murphy v. Hartford Acc. & Indem. Co.* (1960) 177 Cal.App.2d 539. In that case, the court said: "In order for an action to be based upon an instrument in writing, the writing must express the obligation sued upon. [Citations.]" (*Id.* at p. 543.)

Respondents point out that the promissory note does not express the obligation upon which the complaint is based. It is also confusing, as set forth in footnote 7. The quitclaim deed grants Tomko a one-third interest in a parcel of Riverside real property, but the property address or description is not included. Neither document specifies any terms of any agreement between the parties.

At most, these documents evidence the oral agreement which was the basis for the verified complaint. Tomko also testified that the 1983 agreement was *oral*. We therefore agree with the trial court that the two documents evidence actions taken to carry out the

10

oral agreement. Accordingly, the two-year statute of limitations applies, and the action is time-barred.

Because of the long delay in filing the complaint in this case, application of a four-year limitations period would not help Tomko here. The property was sold and the deed recorded on February 11, 2004. However, suit was not commenced until April 13, 2010, more than four years later.

In an attempt to avoid the notice given by the recording statutes, Tomko argues that the statute did not begin to run until he knew or should have known of the breach. In other words, instead of applying the general California rule that the date of breach is the date of injury, he seeks to apply the recognized exception, called the discovery rule, which states that the date of accrual is the date when the plaintiff discovered or should have discovered the injury. (*April Enterprises, Inc. v. KTTV* (1983) 147 Cal.App.3d 805, 826-833; see generally 3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 493 et seq., p. 633.) Under the discovery rule, the question of whether or not Tomko used due diligence to discover the injury is a factual question. (*April Enterprises, Inc. v. KTTV, supra*, at p. 833.)

At the hearing on the summary judgment motion, the trial court agreed with Tomko that the reasonableness of Tomko's actions after he discovered the property had been sold in March or April 2006 is a factual question for the jury. We agree.

As noted above, the trial court applied the general rule that the date of breach (i.e., February 2004, the date of sale) was the accrual date. The trial court therefore ruled that

11

the action was not filed within the two-year statute of limitations (i.e., by February 2006). It also found that, even if the four-year statute of limitations applied, Tomko failed to file his action within four years of the date of sale (i.e., by February 2008).

Tomko attempts to avoid this conclusion by arguing that the delayed discovery rule applies because of the respondents' nondisclosure of the sale and his medical problems.[8] However, his proposed use of the delayed discovery rule to create a factual issue does not help Tomko. If, as he alleges, he did not discover until April 21, 2006, that the property had been sold in 2004, he still would have been required to file suit by April 21, 2008.[9] Since suit was not filed until April 13, 2010, he has failed to carry his burden of showing the existence of a triable material factual issue which would defeat summary judgment.

---

[8]   Neither party cites any authority regarding the question of whether a serious medical condition which renders a party unable to attend to personal affairs provides a basis for a tolling of the statute of limitations. We therefore conclude that Tomko has failed to carry his burden of production on this issue.

[9]   Tomko could have easily checked the county title records on March 21, 2006, or on any other day within the limitations period. In other words, he could not show that "despite diligent investigation of the circumstances of the injury, he . . . could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808-809.)

## TOMKO'S MOTION TO AUGMENT THE RECORD

On March 1, 2013, Tomko filed a motion to augment the record with newly discovered evidence. The motion is based on section 909, California Rules of Court rule 8.252(b) and (c), and *Hasso v. Hasso* (2007) 148 Cal.App.4th 329, 333.

Respondents filed opposition to the request on March 14, 2013. By order filed March 21, 2013, we deemed the request to be a request for judicial notice and reserved ruling on the request for consideration with the appeal.

Tomko advises us that, since the granting of respondents' summary judgment motion, the case has continued as to other defendants. Specifically, Tomko asks us to take notice of portions of Leo's deposition taken on January 30, 2013. Those portions confirm that Tomko, Leo, and Leo's father were to be equal partners in the property, that Leo decided not to notify Tomko that the property was being sold, and other issues.

In their opposition, respondents contend that the deposition is not relevant to any of the issues in this case. Respondents also contend that it is improper to augment the record with matters outside the trial court record, especially matters that occurred after the granting of their motion for summary judgment.

Section 909 does give this court discretion to make factual findings on appeal, or to receive any evidence of facts occurring prior to the decision of the appeal. (Cal. Rules of Court, rule 8.252(c).)

However, we exercise this power sparingly. In this case, the issue is the applicability of the statute of limitations. Tomko has not shown that there are any material factual statements in Leo's recent deposition which would create factual issues on this issue or prevent the granting of a summary judgment motion.

Accordingly, we agree with respondents that Tomko's motion to augment, treated as a request for judicial notice, is not relevant to the issues presented for decision here. We therefore deny the motion to augment and decline to take judicial notice of Leo's deposition taken on January 30, 2013.

## VII

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____
                               Acting P. J.

We concur:


MILLER _____
                            J.


CODRINGTON _____
                              J.

14